UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYKUT SARAYLI,<br><br>       Plaintiff,<br><br>    v.<br><br>HUEL, LTD.,<br><br>       Defendant. | Case No. 5:25-cv-02406-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 49 |

Lead plaintiff Aykut Sarayli brings this class action lawsuit against defendant Huel Ltd. for allegedly misrepresenting the protein content of its product. Huel moves to dismiss Sarayli's complaint under Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court grants Huel's motion.

**BACKGROUND**

Huel is a company that sells vegan food products, including a Black Edition protein powder made from pea and rice protein. Sarayli alleges that he purchased Huel's Black Edition protein powder from Amazon.com, seeking to supplement his protein intake in order to "maintain weight, build muscle, and meet fitness goals." Huel's protein powder advertises 40 grams of protein per serving, or 80% of the recommended daily intake. Sarayli alleges that he relied on those statements when he purchased the product.

While protein quantity matters when calculating the percent daily value, so does the quality of that protein. Only certain kinds of protein are fully digestible, and only certain kinds contain essential amino acids. These higher quality proteins also tend to have a higher "bioavailability," where the proteins are more easily utilized by the people who eat them. Protein quality is measured by the Protein Digestibility Corrected Amino Acid Score (PDCAAS). PDCAAS scores

United States District Court
Northern District of California

range from 0.0 to 1.0. When this score is multiplied by the protein quantity, the resulting number indicates how much protein is actually available. This is the "corrected amount of protein per serving," 21 C.F.R. § 101.9(c)(7)(ii), and it is why 40 grams of protein may not necessarily equate to 80% of someone's recommended daily protein intake.

Sarayli alleges that the protein used by Huel has a PDCAAS score somewhere below 1, and that the nutrition label is therefore deceptive. He asserts three causes of action: violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1761(d); unjust enrichment; and breach of express warranty.

**LEGAL STANDARD**

A complaint that fails to establish a federal court's subject matter jurisdiction may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) challenge may be facial, contending that the complaint's allegations are insufficient to invoke federal jurisdiction, or factual, disputing the allegations that otherwise establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a facial challenge, the Court must "take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a factual attack, however, a defendant "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly brought before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

To establish standing in federal court, Article III of the Constitution requires a plaintiff to demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). If the plaintiff's claim is one for which the court can offer no remedy, "there is no case or controversy for the federal court to resolve." *Id.* at 423 (citation omitted).

**ANALYSIS**

Huel brings a factual 12(b)(1) motion, arguing that Sarayli lacks standing because he cannot possibly have been injured. According to the sworn declaration of Huel's Product Director,

United States District Court
Northern District of California

while individual plant proteins may not contain all essential amino acids, formulations made of complementary proteins can combine to provide for a PDCAAS score of 1.0. According to the Product Director, the 40 grams of protein in Huel's product involve a combination of raw ingredients whose combined PDCAAS score is approximately 1.0, such that the products do, in fact, provide 80% of the recommended daily protein intake. According to Huel, Sarayli thus received precisely what was advertised and suffered no injury.

In opposing Huel's motion, Sarayli contends that the Court must accept as true his allegation that the protein in Huel's shakes has a PDCAAS score of less than 1.0. If Huel was pursuing a facial attack under Rule 12(b)(1), that would be true. But Huel instead pursues a factual attack on Sarayli's standing. And where a 12(b)(1) movant bringing a factual attack relies on affidavits, declarations, or any other evidence properly before the court, the party opposing the motion generally must present evidence establishing that the court possesses subject matter jurisdiction. *St. Clair*, 880 F.2d at 201.

Here, Sarayli did not submit any evidence in its opposition to Huel's factual Rule 12(b)(1) motion. Accordingly, the undisputed evidentiary record before the Court permits only one conclusion: that Sarayli suffered no harm because Huel's shakes provided the advertised amount of protein.

In contending that the Court must nonetheless deny Huel's motion, Sarayli argues that Huel's jurisdictional challenge is intertwined with the merits of Sarayli's claims and that the Court therefore cannot resolve any factual disputes in addressing that motion. *See Safe Air*, 373 F.3d at 1038 (holding that a district court abused its discretion by resolving a factual dispute intertwined with the merits of the case on a 12(b)(1) motion); *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1141 (9th Cir. 2024) (same). The problem with Sarayli's argument is that the rule discussed in *Safe Air* and *Bowen* addresses what the Court does *after* a plaintiff has responded to a factual 12(b)(1) motion by providing contrary evidence. In the usual case not involving merits-intertwined jurisdictional challenges, the Court may weigh that evidence and determine whether it establishes standing or a lack thereof without converting the motion to a motion for summary judgment. *Safe Air*, 373 F.3d at 1039. But where the jurisdictional issued is intertwined with the merits, the Court

United States District Court
Northern District of California

must apply the summary judgment standard of Rule 56, and judgment in defendant's favor is appropriate only if there are no genuine disputes of material fact. *See Safe Air*, 373 F.3d at 1047 (concluding that district court erred, but affirming dismissal because undisputed facts established defendant's entitlement to judgment). Here, because Sarayli has not satisfied his burden of producing evidence creating any dispute of fact—and, indeed, has not even provided a Rule 56(d) affidavit or declaration explaining why he was unable to present facts essential to opposing Huel's motion—he cannot benefit from the rule described in *Safe Air*. Even a barebones declaration attached to a 12(b)(1) motion requires some kind of evidentiary response by the opposing party.

In short, Sarayli's failure to provide the Court with any evidence contradicting Huel's evidence that he lacked any injury dooms his complaint. The case is therefore dismissed without prejudice but without leave to amend.

**IT IS SO ORDERED.**

Dated: March 25, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California